THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF VALENCIA
STATE OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 01 2025

MITCHELL R. ELFERS
CLERK

DANIEL GETCHELL

        Petitioner,

Case No: D-1314-CR-2018-00145

24CV1255-JB-SCY

vs.

HECTOR RIOS, Warden

        Respondent,

## MOTION TO AMEND MR. GETCHELL'S WRIT OF HABEAS CORPUS AND REQUEST TO ADD THE ISSUE OF SUFFICIENCY OF THE EVIDENCE FOR COUNT TWO AND THE TRIAL COURT ERRORED IN NOT USING UNLAWFUL AS AN ESSENTIAL ELEMENT FOR BOTH COUNTS

## ADDITIONAL INFORMATION FOR SUFFICIENCY OF THE EVIDENCE FOR COUNT ONE

Mr. Getchell request that he be allowed to add additional information to his ground of insufficiency of the evidence for count one. Mr.Getchell states that in Mr.Getchells case there was only one sentence that actually pertained to the charges and that was " my Dad touched my vagina then made me touch his penis". Mr.Getchell was convicted of one count criminal sexual contact of a minor second degree and one count of third degree from that testimony. When Mr. Getchell brought the insufficiency of the evidence issue to the district court the state used two different caselaws to try and prove the states case in reference to the elements for count one. The first one was STATE V. PITNER, 2012-NMCA-102,¶¶9,11,385 p.3d 665 (evidence supported conclusion that defendant touched the victims groin, dispite victim testifying that defendant's hand did not go very far beneath the waistband of her underwear, and didn't touch her privates); And the second one is STATE V. NOTAH, 2022-NMCA-005¶¶ 21, 23 (defendant only touched victim's clothed rib area, but evidence as a whole was sufficient to support conviction for attempted second degree CSCM for intending to touch her "unclothed mons veneris and/or unclothed undeveloped female Brest", rather than attempted third degree CSCM for attempting to touch a clothed area). In PITNER they upheld the conviction because the victim stated that his hand did not go very far beneath the waistband of the victims underwear. They concluded that the defendant touched the victims groin area which is right under the waistband of the underwear. The evidence in that case proved that he met all the elements which were " unclothed" and "groin". In Mr. Getchells case there was no mention of anything being worn or not worn, there was no mention of what was used to touch Jasmine's vagina like a hand or any body part from Mr. Getchell. Jasmine only states " my Dad touched my vagina" at the most that might meet the elements in CSCM third degree but the jury was not instructed on a third degree jury instruction so count one would have to be vacated

1

because of the "unclothed" element not being met. In NOTAH the court upheld the conviction for attempted CSCM second degree because the defendant removed the victims pants and underwear then the victim woke up and defendant left and was unable to complete the crime. In Mr. Getchells case the state says "you could reasonably infer that Jasmine would not have been worried about germs on her hands if only clothing had been touched, and that the contact as to both her touching of Mr. Getchells penis and Mr. Getchells touching of Jasmines vagina was skin-to-skin contact. Further, Jasmine testified that Mr. Getchell touched her vagina, but that his hand did not go inside her body, from which a reasonable juror would recognise that the petitioner was Jasmine's father, and could reasonably infer that Jasmine would not have been scared and unable to discuss the incident without crying. Nor would she have been so upset that she stopped calling him " Dad" if her father had only touched her clothing."(Response to petitioners amendment and further briefing on petition for writ of habeas corpus and motion to dismiss. Pg.7) Everything that was quoted is not inference it is conjecture because Jasmine never stated that that is the reason for her feelings, and when asked what happened to her she started her statement with "my Dad" showing that she never stopped calling him Dad. Also in that quote the state added her own words by saying that "further, Jasmine testified that Mr. Getchell touched her vagina, but that his hand did not go inside her body". That is not what Jasmine said, Jasmine replied "NO" when asked if any of the touch went inside. (TR-127) when the state asked "did any of the touch go inside" Jasmine could of thought they were asking did any of the touch go inside her underwear. The state did not specify inside of "what", inside her vagina or inside her clothing. The state can not give her own opinion on why Jasmine does the things she does, or acts the way she acts that is conjecture. In jury instruction No.4 in Mr. Getchells case it specifically says your verdict should not be based on speculation, guess or conjecture. Neither sympathy nor prejudice should influence you're verdict. Because the element of " unclothed" was not proven beyond a reasonable doubt count one should be vacated.

2

**COUNT TWO**

Mr. Getchell ask that he be allowed to join count Two in the issue of insufficiency of the evidence With count one due to similar grounds of elements

Mr. Getchell states that the essential element in count two is "caused" and was not proven. In jury instruction No.11 it states "the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime: 1. The defendant caused J.G to touch his penis; 2. J.G was under the age of thirteen (13); 3. This happened in New Mexico on or between September 18, 2016 and December 25, 2016. Although Jasmine said "my Dad touched my vagina then made me touch his penis" she did not say what the "CAUSE" was. Just like in count one she didn't say what was used to touch what or where their hands were or even if thats what was used or if it was clothed or unclothed or even if Mr. Getchell intended to do it. The state had a hard time getting Jasmine to say where her vagina is located so she literally said "I'm not going to take you through the same questions for where he had you touch him" (TR-128). That is pretty much all that was said related to count two. There is no testimony of how Mr. Getchell "CAUSED" Jasmine to touch his penis. In all the other caselaw with similar issues they all bring out the facts that hands were used to do the touching and the fact that the touch was over or under clothing skin-on-skin contact. The state was responsible for making sure that she provides testimony to prove each essential element of the crime beyond a reasonable doubt and in Mr. Getchells case that was not done. Mr. Getchell believes that the jury convicted him of count two because of the states false testimony in her closing argument. The state told the jury "the first element of count two, the defendant caused Jasmine Getchell to touch his penis. That is a word that is in her vocabulary. That is exactly what she told you on the stand under oath. For her, it was telling the truth, right? She said that he took her hand and made her touch his penis and that she thought she had germs on her hand and got up, went to the bathroom, and washed her hands" (TR-178). Jasmine never said anything about Mr. Getchell grabbing her hand whatsoever Jasmine only stated " my Dad touched my

3

vagina then made me touch his penis". Mr. Getchell argues the fact that "CAUSED" is the essential element that needed to be proven otherwise the jury instruction would just read as to find the defendant guilty of cscm in the third degree the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime: 1. Jasmine getchell touched the penis of defendant Daniel Getchell. It does not reflect that it says "CAUSED" which is an action that needs to be proven it also needs to prove Mr. Getchell INTENDED to CAUSE Jasmine to touch his penis but neither were proven by evidence.

**UNLAWFULNESS**

UNLAWFULNESS AS AN ESSENTIAL ELEMENT IN THE JURY INSTRUCTIONS FOR CRIMINAL SEXUAL CONTACT OF A MINOR SECOND AND THIRD DEGREE Mr. Getchell argues that the district court should have instructed the jury as to the element and definition of unlawfulness, and this instructional failure amounted to a fundamental error because unlawfulness was at issue and was an essential element of the crime. State v. Osborne,111 N.M. 654, 808 P.2d 624, 1991 NMSC 32 (N.M. 1991) Mr. Getchell concedes that this issue was not preserved at trial or exhausted in state remedies and prays that that in the interest of Justice that this court review this constitutional violation. Murray v. Carrier, 477 U.S. 478, 496 (1986). In the absence of a showing of cause for procedural default, a federal habeas court may grant a writ of habeas corpus under extraordinary circumstances, I.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." If the court declines to review this issue then Mr. Getchell ask that he be allowed stay and abeyance Rhine's v. Webber, 544 U.S. 269, 125 S.CT. 1528 (2005) to exhaust the issue in state courts.

Mr. Getchell states that: In UJI 14-925 NMRA under use note 4 it says "use the bracketed element if the evidence raises a genuine issue of the unlawfulness of the defendants actions. If this element is

given, UJI 14-132 NMRA, "unlawful defined" must be given after this instruction". The element of unlawful should have been added due to a couple of reasons, first this is a case that involves father and daughter and the daughter Jasmine stated that " my Dad touched my vagina then made me touch his penis". The essential element of unlawful should have been brought in because Jasmine never stated that in any way it was sexual. Both Ms. Williams and Jasmine said that they have never had any concerns of anything like this ever before until this one time. The testimony Jasmine gave only stated that a touch happened and that's all there is no details of how it started or if it was on purpose or accident or of it was intentional or how long it lasted or what was used or if anything was said or talked about during the touch. The only explanation as to how and why the touching could have happened is from the states witness Ms. Williams who is Jasmine's mother and Mr. Getchells ex-wife during her trial testimony. On the states direct examination the state questioned Ms. Williams about the only concern she had with Mr. Getchell and that was him sharing a bed with their daughters while they were I'll. This line of questioning followed:

Q. Okay . and were there any other reasons that made you concerned specifically relative to Daniel sharing a bed with an eight-year-old-girl?

A. Yes. So every morning, Daniel- - he would wake up with an erection. And so, for me, him sleeping in the bed with the girls was- - that- - that's not appropriate, and he shouldn't have been in the bed with the girls at all.

Q. And did you have experiences when you were sleeping of physical moves being made on you by Daniel?

A. Yes.

Q. And if you know, do you know how awake he was when he was doing those things?

A. No I don't really know because sometimes I was partially asleep myself. Like I would be woken up

5

by him touching me. (TR-58-59)

In that line of questioning they were making it sound like Mr. Getchell is just a stranger sleeping with little girls. The true fact is that Mr. Getchell was just being a good father to his girls while they were I'll. The youngest daughter Jade would cry and cry if Mr. Getchell wasn't in the room with her. And Jade was so sick that she would vomit in her sleep so that's why Mr. Getchell would stay in the bed with the girls. Also Mr. Getchell has never known that he has put physical moves on Ms. Williams in his sleep till he heard it at trial in Ms. Williams testimony. Ms. Williams never told Mr. Getchell anything about doing those things all he ever known was that he has elbowed Ms. Williams in the face and punched her in the stomach while being asleep. There are a number of circumstances where such a touching is not merely " excusable or justifiable " but entirely innocent. Under UJI 14-132 in the committee commentary section it states that " if the defendant introduces some evidence of lawfulness, the court is under a duty to instruct on the states burden to prove unlawfulness beyond a reasonable doubt ". In Mr. Getchells case Mr. Getchell did not testify but the state was the one that suggested some evidence of lawfulness with Ms. Williams previous testimony. For some reason the state started eliciting testimony from Ms. Williams that showed that Mr. Getchell could have possibly been asleep when the touching happened and did not know he did it. There are a lot of people who do a lot of things in their sleep and are unaware of it like sleep walkers and people who talk in their sleep. That would also explain the fact that Mr. Getchell has never done anything like this ever before and then now out of the blue it happened one time randomly with no explanation. In Jasmine's testimony she says that her and her father were laying in bed when the touching happened but does not say if his eyes are open or if he was awake. The state in her direct examination asked Jasmine what did your dad say when you told him to stop? And Jasmine replied " okay" but that was a leading question because Jasmine never said she told him to stop. In fact she never mentioned any words being spoken at all. That line of

6

questioning should have been objected to but was not. The essential element of unlawful should have been placed in UJI 14-925 along with UJI 14-132 unlawful defined to show the jury that not all touchings are unlawful. When determining weather unlawfulness is at issue,"[T]he question is weather there was any evidence or suggestion in the facts, however slight,[which] could have put the element of unlawfulness in issue". State v. Orozco, 1992-NMSC-006

Mr. Getchell request that his conviction be vacated and that family therapy be mandatory for Mr. Getchell Ms. Williams and their two daughters Jasmine and Jade getchell to repair any damage that may have occurred in this matter.

### Ending of habeas

the element of unlawful and jury instruction UJI 14-132 "unlawful defined" should have been used but was not. Not because of ineffective assistance of counsel or prosecutorial misconduct but because the court was responsible to make sure to put that element in there. In SCRA 1986, 5-608 it states that "it is the duty of the court, not the defendant, to instruct the jury on the essential elements of a crime State V. Bender, 91 N.M. 670, 671, 579 P.2d 796, 797 (1978) (rule requires trial court to instruct on law essential for conviction even if no requested instruction tendered).

### CONCLUSION

Mr. Getchell was a good father that blamed his ex-wife for these accusations due to the coincidental timing of when they were reported because they were going through a very bad custody battle. But the fact is Mr. Getchell may have done something that he would never intentionally do to his daughter in his sleep. If what Mr. Getchell may have done in his sleep is true then his due process rights were violated by not having unlawful as an essential element and not adding UJI 14-132 unlawful defined to show that not all touchings are unlawful and some can happen by accident or are unintentional. Not

only that, the other elements of the incident were not met either because there were very little details about the incident. Mr. Getchell was found guilty because a touch was stated but no one knows if it was accidental or unintentional or even if hands were used to do the touching or if the touching was under clothing skin-on-skin or on top of the clothing. Mr. Getchell's right to a fair trial was clearly violated and he ask that his conviction be vacated and that family therapy be ordered by the court to repair the bond Jasmine and her father once had.

Mr. Getchell ask that an evidentiary hearing be set and counsel be appointed for that hearing. Thank you

*Daniel Getchell*        04-21-2025
Daniel Getchell 87540 ED-41    Date:
10 McGregor range road
Chaparral, New Mexico
88081

8