**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 2 8 2025

MITCHELL R. ELFERS
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANIEL R GETCHELL,

      Petitioner,

v.

HECTOR RIOS, WARDEN, ET AL.,

      Respondent.

Civil No. 2:24-CV-01255-JB-SCY

---

### SECOND SUPPLEMENT TO PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

Petitioner Daniel Getchell files this Supplement in support of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Although the petition has been filed, the Court has not yet ordered a response from the State or conducted any preliminary review. This Supplement consolidates and expands upon the arguments previously submitted, providing a full and coherent presentation of the record. As shown below, the state courts' rulings were contrary to, or involved unreasonable applications of, clearly established Supreme Court precedent, and in some cases rested on unreasonable factual determinations in violation of § 2254(d)(1) and (d)(2).

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ............................................................... v

ARGUMENT ......................................................................................... 1

I. Ground One: The State Courts Unreasonably Applied Strickland by Rejecting Mr. Getchell's Claim That Counsel Failed to Investigate Known Third-Party Abusers, Depriving the Jury of a Critical Alternative Explanation for the Alleged Abuse ................................................. 3

    A.    The State Courts Unreasonably Applied Clearly Established Federal Law by Upholding Convictions That Were Legally Insufficient and Unchallenged at Trial. .................................................................. 3

    B.    The State Courts Unreasonably Applied *Strickland* and *Jackson* by Upholding Convictions Unsupported by Legally Sufficient Evidence and Unchallenged by Trial Counsel. ................................................. 5

    C.    The State Courts Unreasonably Applied Federal Law by Upholding Convictions Based on Jury Instructions That Omitted Essential Elements of the Offenses. ..................................................................... 6

    D.    The State Courts Unreasonably Applied Strickland by Overlooking Trial Counsel's Failure to Present a Coherent Defense in a Case Dependent on a Single, Uncorroborated Witness. ............................................. 8

    E.    The State Courts Unreasonably Applied Strickland by Failing to Assess the Cumulative Impact of Counsel's Deficient Performance in a Factually Weak Prosecution. ......................................................... 10

II. Claim Two: The State Courts Unreasonably Applied Jackson v. Virginia by Upholding a Conviction for Third-Degree CSCM Without Any Evidence That Mr. Getchell Caused the Alleged Contact ................................. 12

    A.    The State Courts Unreasonably Applied *Jackson* by Upholding a Conviction with No Evidence of Causation. ........................................ 12

B.      The State Court's Decision Upholding the Conviction Was Contrary to and an Unreasonable Application of *Jackson v. Virginia.* ...................... 14

III......Claim Three: The State Court Unreasonably Applied Clearly Established Federal Law by Upholding a Conviction Based on Jury Instructions That Omitted the Essential Element of Unlawfulness .......................................... 16

A.      The State Courts Unreasonably Applied Clearly Established Federal Law by Failing to Remedy the Trial Court's Omission of the Essential Element of Unlawfulness ...................................................................... 16

B.      The State Court Unreasonably Applied Neder by Failing to Recognize That the Omission of Unlawfulness Was Not Harmless Beyond a Reasonable Doubt ....................................................................................... 18

C.      The State Court Unreasonably Applied Clearly Established Federal Law by Failing to Recognize or Remedy the Omission of an Essential Jury Instruction Element. ........................................................................ 20

D.      Exhaustion Should Be Excused, but a Stay Under *Rhines* Is Warranted If the Court Determines Further Exhaustion Is Required ........ 21

IV. ....Claim Four: The State Court's Summary Rejection of Mr. Getchell's Claim That Counsel Failed to Investigate Other Known Abusers Was an Unreasonable Application of *Strickland* ....................................................... 24

A.      The State Court's Summary Denial of the IAC Claim Was Both an Unreasonable Application of Strickland and an Unreasonable Determination of the Facts Under 28 U.S.C. § 2254(d)(1) and (d)(2). ......... 24

B.      The State Court Unreasonably Applied Strickland by Failing to Recognize That Counsel's Failure to Investigate Other Known Abusers Prejudiced the Outcome of Trial. .................................................................. 26

C.      The State Court's Failure to Apply Strickland's Prejudice Standard Was an Unreasonable Application of Clearly Established Federal Law Under § 2254(d)(1). ......................................................................................... 28

V.  Claim Five: Mr. Getchell's Continued Incarceration Violates Due Process Because He Is Actually Innocent of the Charged Offenses, and No Reasonable Juror Would Have Convicted Him in Light of the Evidence Now

Before the Court ............................................................................ 30

CONCLUSION .................................................................................. 33

CERTIFICATE OF SERVICE ............................................................ 35

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Banks v. Reynolds,*
    54 F.3d 1508 (10thCir. 1995) ........................................................................................ 2

*Bell v. Cone,*
    535 U.S. 685 (2002) ................................................................................................... 9

*Carella v. California,*
    491 U.S. 263 (1989) .............................................................................................. 7, 18

*Castille v. Peoples,*
    489 U.S. 346 (1989) ............................................................................................. 21-22

*Granberry v. Greer,*
    481 U.S. 129 (1987) .................................................................................................. 22

*Herrera v. Collins,*
    506 U.S. 390 (1993) .................................................................................................. 30

*Hinton v. Alabama,*
    571 U.S. 263 (2014) ................................................................................................... 6

*House v. Bell,*
    547 U.S. 518–55 (2006) ............................................................................................. 30

*Jackson v. Virginia,*
    443 U.S. 307 (1979) ......................................................................................... 3, 12, 13

*Johnson v. Williams,*
    568 U.S. 289 (2013) .................................................................................................. 15

*Miller-El v. Dretke,*
    545 U.S. 231 (2005) .................................................................................................. 25

*Neder v. United States,*
    527 U.S. 1–10 (1999) .......................................................................................... *passim*

*Porter v. McCollum,*
    558 U.S. 30–43 (2009) ......................................................................................... 4, 9, 17

*Rhines v. Weber,*
    544 U.S. 269 (2005) .............................................................................................. 22, 23

*Rompilla v. Beard,*
    545 U.S. 374 (2005) ................................................................................................ 4, 9

v

*Sandstrom v. Montana,*
   442 U.S. 510 (1979) ........................................................................... 18

*Sears v. Upton,*
   561 U.S. 945 (2010) ...................................................................... 10, 11

*Strickland v. Washington,*
   466 U.S. 668 (1984) ................................................................... *passim*

*In re Winship,*
   397 U.S. 358 (1970) ................................................................... *passim*

*United States v. Gaudin,*
   515 U.S. 506 (1995) ............................................................................. 8

*Wiggins v. Smith,*
   539 U.S. 510–28 (2003) ............................................................ *passim*

*Williams v. Taylor,*
   529 U.S. 362 (2000) ................................................................... *passim*

**Statutes**

28 U.S.C. § 1746 ................................................................................. 35

28 U.S.C. § 2254 ......................................................................... *passim*

NMSA 1978 § 30-9-13 ................................................................. 16, 18

## ARGUMENT

### The Conviction and Sentence of Mr. Getchell is Violative of His Sixth Amendment Right to Effective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test to govern ineffective assistance of counsel claims. To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of counsel the defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different. *Id.* 466 U.S. at 688-689; *Williams v. Taylor*, 529 U.S. 362, 390-98 (2000).

To establish deficient performance, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* 466 U.S. at 695. "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id.* 466 U.S. at 694.

A court hearing an ineffectiveness claim should consider the totality of the factors that guided the decision maker in the challenged proceeding, then try to determine which factors were or were not "affected" by counsel's errors. "Taking the unaffected [factors] as a given and taking due account of the effect of the errors on

1

the remaining [factors] a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696.

The *Strickland* test for "prejudice," a difference in the outcome of the proceeding, applies only to the outcome of the particular proceeding affected by counsel's deficient performance, and not the entire case. *See Banks v. Reynolds*, 54 F.3d 1508 (10thCir. 1995) ("prejudice" in this type of case is limited to the "outcome" of the direct appeal. It does not require the defendant to demonstrate that he would be "successful on remand"; only that there is a reasonable probability that he would have had his conviction and/or sentence vacated and/or remanded to the lower court).

Mr. Getchell has made specific, sworn, factual allegations, in his § 2255 petition that he was prejudiced by the objectively unreasonable performance of counsel in the pre-trial, trial sentencing, and appellate phases of his case. Based on the foregoing facts and law, Mr. Getchell has affirmatively pleaded "prejudice" in his case within the meaning of *Strickland.*

2

I.    GROUND ONE: THE STATE COURTS UNREASONABLY APPLIED
      STRICKLAND BY REJECTING MR. GETCHELL'S CLAIM THAT
      COUNSEL FAILED TO INVESTIGATE KNOWN THIRD-PARTY
      ABUSERS, DEPRIVING THE JURY OF A CRITICAL ALTERNATIVE
      EXPLANATION FOR THE ALLEGED ABUSE

A. The State Courts Unreasonably Applied Clearly Established
   Federal Law by Upholding Convictions That Were Legally
   Insufficient and Unchallenged at Trial.

The state courts' rejection of Mr. Getchell's claim that trial counsel failed to

move for a directed verdict was both factually flawed and legally unsound. It

disregarded the governing standard under *Strickland* and failed to recognize the

constitutional implications of submitting charges to the jury without legally

sufficient evidence. This amounted to an unreasonable application of clearly

established Supreme Court precedent under 28 U.S.C. § 2254(d)(1).

Under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), a conviction violates due process if

no rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt. Here, the State presented no evidence on two critical elements: (1) skin-to-skin contact for

Count One (second-degree CSCM), and (2) causation for Count Two (third-degree CSCM). The

child never testified that she was unclothed when Mr. Getchell allegedly touched her, and there

was no testimony, direct or circumstantial, that he directed or caused her to touch him. These

omissions were never addressed by the trial court, never preserved by trial counsel, and never

meaningfully analyzed by the state appellate courts.

Rather than applying *Strickland* to determine whether counsel's failure to raise these

glaring deficiencies constituted deficient performance and prejudice, the state courts disposed of

the claim without factual findings, evidentiary development, or application of the relevant legal

3

standards. That abdication of judicial review mirrors the error found in *Porter v. McCollum*, 558 U.S. 30, 42–43 (2009), where the Court held that a state court's failure to apply *Strickland* in light of the full factual record rendered its decision unreasonable under § 2254(d)(1).

The state courts also misapplied the trial record. The appellate opinion failed to identify *any* testimony establishing unclothed contact in Count One or intentional causation in Count Two. Nor did it address the absence of a motion for judgment of acquittal that would have triggered judicial scrutiny of the evidence. Instead, the court merely recited the child's account without analyzing whether that testimony met the elements required under New Mexico law. That omission reflects not just a factual oversight, but a fundamental failure to apply *Jackson* and *Strickland* to the actual claims before it.

Further, the courts ignored the procedural consequence of counsel's failure to act: the sufficiency issues were waived on direct appeal, and the federal claims were left unpreserved. In a case devoid of physical evidence and hinging entirely on a child's ambiguous, undeveloped recollections, this failure significantly increased the likelihood of an unjust conviction.

Because the state courts failed to apply the correct constitutional standards and failed to consider the record in light of those standards, their rulings cannot be given deference under § 2254(d). The Supreme Court has made clear that deference does not extend to decisions that misstate or ignore material facts or apply clearly established law in a perfunctory or unreasonable manner. *See Wiggins v. Smith*, 539 U.S. 510, 527–28 (2003); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005).

Relief is warranted. The convictions on both counts rested on legally insufficient evidence, untested by counsel and unexamined by the court. The state courts' failure to address

4

these constitutional defects, both procedurally and substantively, violates clearly established federal law and undermines confidence in the verdicts.

## B. The State Courts Unreasonably Applied *Strickland* and *Jackson* by Upholding Convictions Unsupported by Legally Sufficient Evidence and Unchallenged by Trial Counsel.

Trial counsel failed to move for a directed verdict or judgment of acquittal, allowing two charges to reach the jury despite legally insufficient evidence on essential elements. That omission went unremedied by the state courts, which neither applied the correct constitutional standards nor assessed the facts as they existed in the trial record. This constitutes an unreasonable application of *Strickland* and *Jackson*, warranting relief under § 2254(d)(1).

Count One, second-degree criminal sexual contact of a minor, required proof of *unclothed* contact with the child's intimate parts. The child testified that Mr. Getchell touched her "between her legs," but never said she was unclothed. No follow-up questions, no forensic evidence, and no State argument supplied this missing element. The trial court failed to instruct the jury that skin-to-skin contact was required, and the appellate court never addressed it. The record simply does not support this statutory requirement.

Count Two was similarly deficient. The child testified that she touched Mr. Getchell's penis but stated, "I don't remember" when asked why. There was no evidence, testimonial or circumstantial, that he caused, directed, encouraged, or initiated the contact. The causation element, required under New Mexico law, was entirely unproven. The state courts upheld the conviction without identifying any evidence supporting that element and failed to analyze whether it met the standard of *Jackson*.

5

Under *Strickland*, trial counsel had a duty to move for acquittal where the State failed to meet its burden of proof. The omission here was not strategic, but was legally uninformed. As the Supreme Court held in *Hinton v. Alabama*, 571 U.S. 263, 274 (2014), failure to act on a "fundamental point of law" is presumptively unreasonable. Counsel's inaction waived sufficiency review and permitted the jury to convict on charges that lacked evidentiary support.

The state courts' summary rejection of this claim was constitutionally defective. The ruling failed to apply *Strickland* to the actual omissions, failed to engage with the missing elements under *Jackson*, and ignored the factual record showing that key statutory requirements were never met. That breakdown in reasoning mirrors what the Supreme Court condemned in *Wiggins* and *Porter*: a refusal to assess the evidence through the lens of controlling federal law.

Because the record affirmatively shows that trial counsel failed to challenge two charges unsupported by the elements of conviction, and because the state courts declined to address that failure under the proper constitutional framework, relief is warranted.

## C. The State Courts Unreasonably Applied Federal Law by Upholding Convictions Based on Jury Instructions That Omitted Essential Elements of the Offenses.

The state courts' rejection of Mr. Getchell's claim that counsel failed to object to constitutionally defective jury instructions was contrary to, and an unreasonable application of, clearly established federal law. Both counts were submitted to the jury without instructions on critical statutory elements, yet the courts ignored this error and failed to apply the required *Strickland* and *Winship* analyses. That failure warrants relief.

6

The trial court omitted two essential elements: (1) the requirement that the sexual contact be *unlawful* for both counts, and (2) the requirement that the contact in Count One be *unclothed* to support a second-degree CSCM conviction. Both are mandated under New Mexico law and appear in the state's uniform jury instructions. They are not technicalities; they are the legal boundaries that distinguish innocent conduct from criminal liability.

Yet trial counsel raised no objection, allowing the jury to convict without ever being asked to determine whether Mr. Getchell's conduct was unlawful or whether it involved skin-to-skin contact. Under *In re Winship*, 397 U.S. 358, 364 (1970), the State must prove every element of a charged offense beyond a reasonable doubt. When the jury is never instructed on those elements, and defense counsel fails to object, the result is a structurally defective conviction. *See Neder v. United States*, 527 U.S. 1, 9–10 (1999); *Carella v. California*, 491 U.S. 263, 265 (1989).

The state courts failed to engage with this constitutional violation. They did not identify the missing elements, evaluate whether the jury was properly instructed under *Neder*, or consider whether counsel's failure to object constituted deficient performance under *Strickland*. Nor did they acknowledge that the omissions made it virtually impossible for the jury to apply the correct law, particularly in a case where the State presented no physical evidence and the child's testimony was vague and undeveloped.

Counsel's silence was not strategic. There is no conceivable justification for allowing the jury to deliberate without instructions on what made the alleged conduct criminal. The Supreme Court has made clear that such omissions are fundamentally prejudicial, especially where, as

7

here, the omitted elements directly overlap with the defense theory and the evidence is thin. *See United States v. Gaudin*, 515 U.S. 506, 511 (1995).

Because the state courts failed to apply the governing federal standards or engage with the trial record in any meaningful way, their ruling cannot be reconciled with § 2254(d)(1). Mr. Getchell was tried by a jury that was never instructed on the legal elements of the offenses. That alone demands relief.

### D. The State Courts Unreasonably Applied Strickland by Overlooking Trial Counsel's Failure to Present a Coherent Defense in a Case Dependent on a Single, Uncorroborated Witness.

Trial counsel's failure to present a coherent theory of defense, particularly in a case that rested entirely on an uncorroborated accusation from a child, was constitutionally deficient under *Strickland* and unreasonably disregarded by the state courts. The prosecution introduced no physical evidence, no eyewitnesses, no medical testimony, and no confession. Yet counsel offered no competing narrative, no theme of fabrication, misattribution, suggestive influence, or prior trauma. The defense presented nothing to help the jury understand *why* the child might have made the allegation or *how* it might be mistaken.

This was not a strategic choice. Counsel did not selectively emphasize one theory over another; he presented no theory at all or challenge the child's account through known facts such as prior abuse by other family members. Nor did he structure a case around weaknesses in the State's evidence, despite multiple entry points, including the absence of detail, lack of motive or context, and the child's admission that she did not remember why she allegedly touched Mr.

8

Getchell. This abdication of advocacy was especially prejudicial in a case where the jury had nothing but a child's uncertain statement to rely on.

The Supreme Court has repeatedly held that effective assistance of counsel requires more than reactive silence. Counsel must affirmatively present a theory of defense that gives the jury a reason to acquit. *Strickland*, 466 U.S. at 690–91; *Bell v. Cone*, 535 U.S. 685, 698 (2002). The defense must help the jury make sense of the evidence in light of the law. That duty is heightened where, as here, the State's case depends entirely on credibility and inference. Without a counter-narrative, the adversarial process collapses. *See also Williams*, 529 U.S. at 396 (failure to present available mitigating or explanatory theory was deficient); *Rompilla*, 545 U.S. at 393 (failure to present obvious defense information undermines the outcome).

The state courts failed to apply the Supreme Court's precedents to this context. They made no finding as to whether any theory of defense was advanced at trial, and they did not evaluate the absence of such a theory against the weakness of the prosecution's case. They offered no reasoning as to whether the jury could have reached a different outcome if presented with a viable alternative, such as misattributed trauma from prior abuse by others. This omission is not just an error in judgment but a refusal to adjudicate a clearly presented constitutional claim. *See Porter*, 558 U.S. at 42–43; *Wiggins*, 539 U.S. at 534.

The prejudice is plain. The child's testimony was not detailed or compelling. She offered no explanation of how the contact occurred, where it occurred, or what prompted it. These statements were unanchored in time or memory, classic hallmarks of suggestibility or misattribution. Had counsel offered a defense theory grounded in the well-documented reality of

9

the child's prior abuse by others, the jury would have had a basis to question the reliability of her statements and the accuracy of her attribution.

Instead, the jury was left with two options: silence or accusation. In that vacuum, the child's limited testimony took on a weight it could not bear. The defense's failure to present *any* narrative allowed the prosecution's account to stand unchallenged, not because it was strong, but because it was unopposed. That is precisely the breakdown the Sixth Amendment exists to prevent.

Because the state courts ignored this constitutional failure and failed to apply *Strickland* in light of the full trial record, their rejection of the claim was an unreasonable application of clearly established federal law under § 2254(d)(1). Mr. Getchell is entitled to relief.

### E. The State Courts Unreasonably Applied Strickland by Failing to Assess the Cumulative Impact of Counsel's Deficient Performance in a Factually Weak Prosecution.

The state courts violated clearly established federal law by evaluating counsel's errors, if at all, in isolation, rather than assessing their cumulative impact as required under *Strickland* and *Sears v. Upton*, 561 U.S. 945, 956 (2010). Multiple constitutional failures by trial counsel, each independently prejudicial, were compounded in a case that lacked physical evidence, forensic support, or any corroboration beyond the ambiguous statements of a single child witness. The courts' failure to conduct the required holistic review under *Strickland* rendered their decision objectively unreasonable.

Trial counsel failed to investigate other known abusers, failed to move for a directed verdict on two legally unsupported charges, failed to object to jury instructions that omitted

10

essential elements, and failed to present any coherent theory of defense. Each of these errors individually undermined the fairness of trial; collectively, they stripped Mr. Getchell of meaningful representation. The result was not a fair adversarial process, but a trial in which the defense did not investigate, contest, or explain the State's sole narrative.

The Supreme Court has emphasized that prejudice may result not only from any one failing, but from the totality of counsel's omissions where those errors, in combination, render the outcome unreliable. *See Strickland*, 466 U.S. at 696 (prejudice may be caused by a breakdown in the adversarial process); *Sears*, 561 U.S. at 956 (courts must consider the totality of the evidence, including the errors). The state courts did not perform that analysis here.

The prejudice is not speculative. A jury presented with evidence of prior abuse by other family members could have understood the child's allegations differently. A correct jury instruction on "unlawfulness" and "unclothed contact" could have prevented conviction on elements not proven. A directed verdict motion could have removed Count Two from consideration altogether. And a coherent defense theory, grounded in memory distortion or misattribution, could have given the jury a reasonable basis to acquit. None of this happened.

Despite these interlocking deficiencies, the state courts rejected the claim without holding an evidentiary hearing, making factual findings, or applying *Strickland* to the full record. That kind of summary disposition, where no meaningful analysis of counsel's overall performance or its impact is offered, cannot survive review under § 2254(d). As the Supreme Court held in *Porter*, a court's failure to apply the correct standard to the complete set of facts is itself an unreasonable application of clearly established law.

11

Mr. Getchell was not merely poorly defended; he was effectively undefended. The adversarial process failed, and the state courts declined to confront that failure. Because trial counsel's cumulative errors deprived Mr. Getchell of a fair trial, and because the state courts failed to conduct the analysis required by *Strickland*, habeas relief is warranted under 28 U.S.C. § 2254.

## II.    CLAIM TWO: THE STATE COURTS UNREASONABLY APPLIED JACKSON V. VIRGINIA BY UPHOLDING A CONVICTION FOR THIRD-DEGREE CSCM WITHOUT ANY EVIDENCE THAT MR. GETCHELL CAUSED THE ALLEGED CONTACT

### A.  The State Courts Unreasonably Applied *Jackson* by Upholding a Conviction with No Evidence of Causation.

Under clearly established federal law, a conviction violates the Due Process Clause if no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 319; *In re Winship*, 397 U.S. at 364. This standard applies on federal habeas review under 28 U.S.C. § 2254(d)(1), and it requires the reviewing court to consider whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to meet each element of the crime.

In Count Two, Mr. Getchell was convicted of third-degree criminal sexual contact of a minor, which under New Mexico law requires proof that he caused the child to touch his intimate parts. The statutory language includes both an *actus reus* (the touching) and a *mens rea* (the purposeful or knowing causation of that

12

touching). Mere presence, opportunity, or acquiescence is not enough. There must be some evidence that the defendant initiated or directed the conduct.

The child's testimony, the sole evidence offered on this count, was legally insufficient to satisfy that standard. She testified that she touched Mr. Getchell's penis, but when asked why, she said, "I don't remember." She did not testify that Mr. Getchell asked her to do so, moved her hand, gave verbal or physical cues, or otherwise prompted the act. There was no suggestion of pressure, manipulation, or direction. The record contains no other evidence, physical, testimonial, or circumstantial, supporting the inference that Petitioner caused the touching.

Even viewed in the light most favorable to the State, the child's statement is not neutral, it is affirmatively exculpatory on the causation element. Her inability to recall why the act occurred leaves a complete evidentiary gap as to whether the defendant initiated or encouraged it. The State presented no theory and no argument as to how the causation element was satisfied. No other witnesses testified to the event. No forensic evidence corroborated it. The entire conviction on Count Two rests on a single, vague, and legally insufficient assertion.

The Supreme Court has held that where a critical element is unsupported by evidence, and any conviction would require speculation or presumption, the conviction violates due process. *Jackson*, 443 U.S. at 320 ("it could not seriously be argued that such a modicum of evidence could by itself rationally support a conviction beyond a reasonable doubt"); *Winship*, 397 U.S. at 364 ("Due Process

13

Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

A rational jury may draw reasonable inferences from proven facts, but it may not presume intent or causation where the record is silent. In this case, the child could not remember the reason for the touching, and the State offered no evidence to bridge that factual void. No rational trier of fact could have concluded, beyond a reasonable doubt, that Mr. Getchell caused the child to touch him. The conviction on Count Two therefore violates clearly established federal law and must be vacated under § 2254.

### B. The State Court's Decision Upholding the Conviction Was Contrary to and an Unreasonable Application of *Jackson v. Virginia*.

The New Mexico Court of Appeals affirmed Mr. Getchell's conviction for third-degree criminal sexual contact of a minor without identifying any evidence that he caused the child to touch him. The court recited the child's testimony but did not address the causation element at all. It made no finding that Mr. Getchell initiated the act, no acknowledgment of the child's statement that she could not recall why she did it, and no effort to explain how the statutory requirement of causation had been met. This omission renders the state court's decision *both* contrary to and an unreasonable application of *Jackson*.

14

Under *Jackson*, the reviewing court must determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.* at 319. That includes every element, not just the overall allegation. The causation element in Count Two is not optional or inferable by default; it is a substantive component of the statute. The state court was required to identify the evidence supporting that element, assess its sufficiency, and evaluate whether it satisfied constitutional standards.

Instead, the appellate court recited the child's testimony, that she touched Mr. Getchell's penis, and treated the act itself as sufficient to support the conviction. It ignored the legal requirement that Mr. Getchell must have *caused* that contact, and it never addressed the child's statement that she "didn't remember" why she did it. The court's analysis ended with a summary conclusion that the evidence was sufficient, without engaging with the specific elements of the charge.

That summary disposition is contrary to federal law because it applies the wrong legal standard, presuming sufficiency from the occurrence of contact, rather than asking whether causation was proven beyond a reasonable doubt. It is also an unreasonable application of *Jackson* because it fails to examine whether a rational jury could make that finding based on the actual record. *See Johnson v. Williams*, 568 U.S. 289, 302 (2013) (state court must at least minimally engage with federal law when a federal claim is fairly presented).

Because the state court ignored a critical statutory element, failed to apply the controlling federal standard, and upheld a conviction in the absence of necessary proof, Mr. Getchell is entitled to relief on this claim.

### III.  CLAIM THREE: THE STATE COURT UNREASONABLY APPLIED CLEARLY ESTABLISHED FEDERAL LAW BY UPHOLDING A CONVICTION BASED ON JURY INSTRUCTIONS THAT OMITTED THE ESSENTIAL ELEMENT OF UNLAWFULNESS

### A. The State Courts Unreasonably Applied Clearly Established Federal Law by Failing to Remedy the Trial Court's Omission of the Essential Element of Unlawfulness

The trial court's failure to instruct the jury on the essential element of unlawfulness deprived Mr. Getchell of a constitutionally valid conviction. Under clearly established federal law, due process requires that every element of a criminal offense be submitted to the jury and proven beyond a reasonable doubt. *See Winship*, 397 U.S. at 364; *Neder*, 527 U.S. at 8–10. When a court omits a required element from the instructions, and the jury never makes the necessary finding, the conviction violates the Fourteenth Amendment.

New Mexico law defines both second- and third-degree criminal sexual contact of a minor to include *unlawful* touching. This requirement is explicit in the statute (NMSA 1978 § 30-9-13) and reflected in the state's uniform jury instructions (UJI 14-132 and 14-925). "Unlawful" is not mere surplusage; it is what distinguishes criminal liability from non-criminal or incidental contact. Yet the trial court did not instruct the jury to determine whether the touching was unlawful. The

instructions omitted this element entirely and asked the jury only to decide whether touching occurred and whether it involved the child's intimate parts.

That omission permitted a guilty verdict without finding that the conduct was criminal under state law. The jury could have convicted even if it believed the touching was incidental, justified, or ambiguous, so long as it found that physical contact had occurred. This violated Mr. Getchell's right to a verdict based on proof of every element of the offense.

The state court's failure to correct this constitutional defect was an unreasonable application of Supreme Court precedent. It did not acknowledge that the element of unlawfulness was omitted. It did not evaluate whether that omission violated *Winship* or whether it could be deemed harmless under the standard set forth in *Neder*, 527 U.S. at 18. In fact, the court made no factual or legal findings about the omitted element at all. That failure to apply the controlling legal framework, and to meaningfully engage with the facts of the case, renders the state court's ruling objectively unreasonable under § 2254(d). *See Porter*, 558 U.S. at 42–43; *Wiggins*, 539 U.S. at 527–28.

Nor could the error be harmless. The record contains no argument from the State that the contact was unlawful, no testimony describing criminal conduct, and no definition of "unlawfulness" given to the jury. The omission was total, and the jury made no finding at all on an essential statutory element. The Supreme Court has consistently held that a verdict rendered without a finding on every element

17

cannot be presumed valid. *See Sandstrom v. Montana*, 442 U.S. 510, 523 (1979); *Carella*, 491 U.S. at 265.

Because the trial court omitted an essential element of the offense from the jury instructions, and because the state court failed to recognize or remedy that constitutional error, the resulting conviction is invalid under clearly established federal law.

### B. The State Court Unreasonably Applied Neder by Failing to Recognize That the Omission of Unlawfulness Was Not Harmless Beyond a Reasonable Doubt.

The state court's failure to remedy the omission of the element of unlawfulness was not only a constitutional error, but it was also an unreasonable application of *Neder*. Under *Neder*, when a jury is not instructed on an essential element of the offense, the error is presumed harmful unless the reviewing court can say, beyond a reasonable doubt, that the jury would have found the missing element satisfied. *Neder,* 527 U.S. at 18. That burden was not met here. The state courts conducted no harmless-error analysis, failed to evaluate the record under *Neder*, and ignored the unresolved status of the unlawfulness element at trial.

The jury was never asked to determine whether Mr. Getchell's conduct was *unlawful* as required under NMSA § 30-9-13. That element distinguishes criminal sexual contact from lawful, incidental, or non-criminal touching. The instructions included no definition of "unlawful" and no requirement that the jury find a lack of justification, necessity, or legal excuse. Without that instruction, the jury had no

18

framework to assess whether the State had proven criminality, particularly where the child's testimony was brief, ambiguous, and devoid of detail about context or intent.

Nothing in the trial record resolves that omission in a way that satisfies *Neder*'s strict standard. The child gave no explanation of whether the touching was accidental, purposeful, playful, or coerced. She did not describe what prompted it, where it occurred, or how it unfolded. The State presented no physical evidence, no expert testimony, and no argument addressing why the contact was unlawful under New Mexico law. The missing element was neither uncontested nor supported by overwhelming evidence. To the contrary, the record is silent, and the silence goes to the heart of what the jury was required to find.

In *Carella*, the Court held that even partial presumptions about essential elements require reversal where the jury is not instructed to make its own finding. *Neder* reaffirmed that instructional omissions may be deemed harmless only when "overwhelming" and "uncontroverted" evidence exists to support the missing element. 527 U.S. at 17. That was not the case here.

The state court's failure to apply *Neder* to the trial record, let alone acknowledge the instructional error, violates § 2254(d)(1). A federal habeas court cannot defer to a ruling that neither identifies the constitutional standard nor applies it to the facts.

19

Because there is no basis to conclude, beyond a reasonable doubt, that the jury would have found the element of unlawfulness satisfied, the omission cannot be deemed harmless. The error rendered the verdict constitutionally invalid.

### C. The State Court Unreasonably Applied Clearly Established Federal Law by Failing to Recognize or Remedy the Omission of an Essential Jury Instruction Element.

The constitutional rule is well settled: Due process prohibits a conviction unless the jury finds, beyond a reasonable doubt, every element of the charged offense. In *Sandstrom*, the Court reaffirmed that the burden of persuasion must remain with the prosecution and that jurors must be correctly instructed on the elements of the crime. *Carella* and *Neder* further clarified that when a trial court omits a required element from the jury instructions, the error is constitutional and must be assessed for prejudice under the strict "harmless beyond a reasonable doubt" standard.

In Mr. Getchell's case, that framework was never applied. The trial court entirely omitted the element of unlawfulness, a statutory requirement under New Mexico law that distinguishes criminal from non-criminal contact. The jury was not instructed to determine whether the touching was unjustified, non-consensual (where applicable), or otherwise without legal excuse. That element was neither defined nor submitted. The record confirms that the term "unlawful" was never mentioned during trial, and no legal standard was provided to guide the jury's decision on that point. Despite this clear constitutional deficiency, the New Mexico appellate courts issued summary denials that failed to mention, let alone analyze, the omission. There is no indication that the courts recognized the trial error, applied the standards from *Neder* or *Winship*,

20

or examined the facts to determine whether the omission could be deemed harmless. The required due process inquiry simply never occurred.

That failure violates § 2254(d)(1) in two ways. First, a state court decision is *contrary to* clearly established federal law when it fails to identify or apply the correct rule. *Williams*, 529 U.S. at 405–06. Second, even if the correct standard is known, a decision is an *unreasonable application* of federal law when the court applies it in a way that is not consistent with the record. The state courts did neither here. They ignored the element entirely and offered no reasoning whatsoever to support the constitutional validity of the verdict.

The omission of unlawfulness, left uncorrected by the state courts, meant the jury never made a finding on a core element of the offense. The result is a conviction that lacks the constitutional foundation required by *Winship* and its progeny. Because the state courts failed to address that defect or apply the proper federal standards to the facts of Mr. Getchell's case, relief is warranted under 28 U.S.C. § 2254(d)(1).

### D. Exhaustion Should Be Excused, but a Stay Under *Rhines* Is Warranted If the Court Determines Further Exhaustion Is Required.

The omitted-element claim concerning the trial court's failure to instruct the jury on "unlawfulness" is squarely based on the trial record. No further factual development is necessary to resolve its federal constitutional basis. Because the legal issue was necessarily embedded in the record already before the state courts, and because the state courts failed to address or correct it, exhaustion should be deemed satisfied or excused. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion does not require repetitive presentation of a legal theory that is fairly

21

included in claims previously raised); *Granberry v. Greer*, 481 U.S. 129, 134 (1987) (exhaustion may be excused where justice so requires).

But if this Court finds that exhaustion remains necessary, Mr. Getchell respectfully requests a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court and fully exhaust this claim without forfeiting federal review.

*Rhines* authorizes a stay where:

1. the petitioner has good cause for failing to exhaust the claim earlier;
2. the claim is not plainly meritless; and
3. the petitioner has not engaged in intentional delay or abuse of the writ. Each of these factors is met.

First, good cause exists. Mr. Getchell has litigated his case pro se and lacked access to trial transcripts and relevant legal authority for much of the state postconviction process. The constitutional implications of the omitted instruction, specifically under *Winship, Neder,* and *Carella,* became clear only after reviewing Supreme Court precedent while preparing this supplement. The failure to raise the claim earlier was the product of limited legal resources, not strategic delay or neglect.

Second, the claim is substantial. As detailed above, the trial court completely omitted an essential statutory element from the jury instructions. That omission violated due process under clearly established Supreme Court precedent and was never addressed by the state courts. This is not a technical or collateral issue, it

22

goes to the validity of the conviction itself. Nothing in the record shows the jury ever found that Mr. Getchell's conduct was criminal under New Mexico law. Such an instructional failure is presumptively unconstitutional under *Neder* and cannot be excused where the omitted element was never found beyond a reasonable doubt.

Third, Mr. Getchell has acted in good faith. Upon identifying the omission and its federal implications, he raised the claim at the earliest opportunity. There has been no delay, no tactical withholding, and no procedural abuse.

If the Court concludes that exhaustion cannot be excused, a stay is the proper remedy. Dismissal would needlessly risk procedural default of a claim that is fully supported by the record and controlling Supreme Court law. *See Rhines*, 544 U.S. at 278. Staying the petition would allow Mr. Getchell to return to state court and present the claim clearly as a federal due process violation, preserving the integrity of review and ensuring that the claim is decided on its merits.

Accordingly, if exhaustion is deemed incomplete, Mr. Getchell respectfully requests that the Court stay and hold the petition in abeyance pursuant to *Rhines*. This is a serious constitutional claim that should not be lost on procedural grounds.

IV.    CLAIM FOUR: THE STATE COURT'S SUMMARY REJECTION OF
       MR. GETCHELL'S CLAIM THAT COUNSEL FAILED TO
       INVESTIGATE OTHER KNOWN ABUSERS WAS AN UNREASONABLE
       APPLICATION OF *STRICKLAND*

A. **The State Court's Summary Denial of the IAC Claim Was Both an
   Unreasonable Application of Strickland and an Unreasonable
   Determination of the Facts Under 28 U.S.C. § 2254(d)(1) and (d)(2).**

The New Mexico courts unreasonably denied Mr. Getchell's ineffective

assistance of counsel claim without applying the controlling standard set forth in

*Strickland*, and without making any factual findings based on the record. That

denial constitutes both (1) an unreasonable application of clearly established federal

law under § 2254(d)(1), and (2) an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding under § 2254(d)(2).

Under *Strickland*, the Sixth Amendment requires that trial counsel conduct a

reasonable investigation into potential defenses. *See* 466 U.S. at 690–91. That duty

is heightened where the outcome of trial hinges entirely on the credibility of a single

witness and where the defendant provides specific leads bearing directly on that

witness's reliability. In *Wiggins*, the Court confirmed that a failure to investigate

known and specific mitigating, or exculpatory, evidence without a reasoned

strategic basis constitutes deficient performance.

Here, the state court had before it a record showing that:

- Mr. Getchell informed trial counsel that the child had previously been
  sexually abused by other family members;
- This abuse history was specific, credible, and documented;

24

- Counsel conducted no investigation into these alternate suspects and did not interview family members or present third-party culpability evidence at trial;
- The State presented no physical evidence, no medical testimony, no eyewitnesses, and no corroborating statements, the case depended entirely on the untested account of the child witness.

Despite this, the state courts rejected the claim without holding an evidentiary hearing, making factual findings, or addressing either prong of the *Strickland* standard. The ruling did not examine whether counsel's inaction was strategic or the result of oversight. Nor did it assess the likely impact of this unpresented third-party abuse evidence on a jury that was asked to convict based solely on a child's vague and uncorroborated allegation. That failure to engage with the legal framework or the actual trial record constitutes an objectively unreasonable application of *Strickland* under § 2254(d)(1).

Additionally, the state court's decision rests on an unreasonable determination of the facts under § 2254(d)(2). The factual record, particularly trial counsel's failure to act on known, relevant information, was not in dispute. Yet the state court failed to acknowledge it or draw any inferences from it. The Supreme Court has made clear that where the state court ignores material, undisputed facts or fails to develop the factual basis of a constitutional claim, its findings are not entitled to deference. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Wiggins*, 539 U.S. at 527–29.

Finally, the prejudice from counsel's failure to investigate was not speculative. Had the jury been presented with evidence that the child had been

previously abused by other trusted adults in the same household, it could have reasonably questioned whether her accusation against Mr. Getchell stemmed from misattribution, memory confusion, or unresolved trauma. In a case without physical evidence or supporting witnesses, that alternative explanation could have raised serious doubt.

Because the state courts failed to apply the governing legal standard, disregarded the undisputed facts in the record, and issued a summary denial without any analysis or development, the decision is not entitled to deference under § 2254(d).

### B. The State Court Unreasonably Applied Strickland by Failing to Recognize That Counsel's Failure to Investigate Other Known Abusers Prejudiced the Outcome of Trial.

The state court's rejection of Mr. Getchell's ineffective assistance claim failed to apply the prejudice standard required under *Strickland* and ignored the evidentiary posture of the case. This failure constitutes an unreasonable application of clearly established federal law under § 2254(d)(1). In light of the uncontroverted record, the state court's finding also amounted to an unreasonable determination of the facts under § 2254(d)(2).

Under *Strickland*, prejudice exists where there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. A "reasonable probability" means a probability sufficient to

undermine confidence in the outcome, not certainty of acquittal. *Id.* at 694. Here, that standard is satisfied.

Mr. Getchell was convicted solely on the basis of his daughter's uncorroborated accusation. The State introduced no physical evidence, no medical or forensic support, no eyewitnesses, and no confession. The entire prosecution turned on the jury's interpretation of a single child's brief, vague, and uncontextualized statement. That witness's reliability and memory were thus central to the case.

Despite knowing that the child had previously been sexually abused by other family members, trial counsel failed to investigate or present that fact to the jury. The result was a complete absence of any competing narrative. Jurors were given no explanation for how the child's memory could have been shaped by prior trauma, or why she may have misattributed past abuse to Mr. Getchell. The evidence would have directly supported three critical lines of defense:

- A third-party culpability theory;
- A misattribution or memory contamination theory; and
- A broader attack on credibility in a case where no sensory detail, context, or corroboration was offered.

This failure deprived the jury of information that could have framed the child's testimony in an entirely different light. In *Strickland*, the Supreme Court emphasized that prejudice exists where the omitted evidence could have created a viable alternative theory of defense that casts doubt on the State's case, even if the

27

jury might still have convicted. 466 U.S. at 693. That is exactly what occurred here. In a case decided on credibility alone, there is at least a reasonable probability that one juror, presented with evidence of prior abuse by others, would have questioned the accuracy or source of the child's account.

The state courts, however, failed to conduct this analysis. They made no finding as to the strength of the State's case, no assessment of how the unpresented evidence might have altered the jury's view, and no application of *Strickland*'s prejudice standard to the factual record. That omission violates § 2254(d)(1). Moreover, their failure to acknowledge undisputed facts about the absence of corroboration and the centrality of the child's credibility also renders the rejection unreasonable under § 2254(d)(2).

Because counsel's failure to investigate and present known, highly probative evidence undermined the reliability of the trial, and because the state court failed to apply or engage with the prejudice standard required by Supreme Court precedent, federal relief is warranted under 28 U.S.C. § 2254.

### C. The State Court's Failure to Apply Strickland's Prejudice Standard Was an Unreasonable Application of Clearly Established Federal Law Under § 2254(d)(1).

The state court's denial of Mr. Getchell's ineffective assistance of counsel claim was constitutionally inadequate because it failed to apply *Strickland* to the prejudice prong of the claim. The court did not assess whether there was a reasonable probability that the outcome would have been different had trial counsel

28

investigated and presented evidence that the child had previously been abused by other family members. This omission constitutes an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1).

Under *Strickland*, once deficient performance is established, the court must determine whether that deficiency created a reasonable probability of a different result. *Id.* at 694. The standard is not whether acquittal was likely, but whether confidence in the verdict is undermined. The Supreme Court has emphasized that this prejudice inquiry requires a fact-specific, contextual evaluation of the trial record, including the strength of the government's case and the importance of the omitted defense evidence. *Id.; See also Wiggins*, 539 U.S. at 534.

The record before the state court established that trial counsel failed to investigate or present specific, credible evidence that the child witness had previously been sexually abused by other members of her family. That history was relevant not only to third-party culpability but to attribution, memory reliability, and the overall credibility of the only witness the State presented. The prosecution offered no physical evidence, no forensic findings, and no corroboration, only the child's vague and context-free allegation. Her recollection included no sensory detail and no explanation of why the touching occurred. She stated explicitly that she did not remember. That testimony was never tested against alternative explanations.

Despite this, the state courts rejected the claim without addressing *Strickland*'s prejudice standard at all. There was no discussion of whether the omitted evidence could have influenced one or more jurors. No analysis of the weakness of the State's case. No findings regarding how the presentation of prior abuse evidence might have altered the lens through which the jury

viewed the child's account. This failure to conduct the required constitutional analysis renders the ruling objectively unreasonable under § 2254(d)(1).

As the Supreme Court held in *Porter* and *Wiggins*, state courts must engage meaningfully with the record and apply the appropriate legal standard to the facts presented. A summary denial that ignores both controlling precedent and the factual posture of the case cannot be given deference. Mr. Getchell presented a substantial claim that required the court to examine whether the jury might have returned a different verdict had it heard evidence of prior abuse, a theory consistent with his defense and material to the only evidence against him.

Because the state court failed to apply the required prejudice analysis and failed to consider the claim in light of the full trial record, its decision was an unreasonable application of clearly established federal law under § 2254(d)(1).

### V.   CLAIM FIVE: MR. GETCHELL'S CONTINUED INCARCERATION VIOLATES DUE PROCESS BECAUSE HE IS ACTUALLY INNOCENT OF THE CHARGED OFFENSES, AND NO REASONABLE JUROR WOULD HAVE CONVICTED HIM IN LIGHT OF THE EVIDENCE NOW BEFORE THE COURT

The Due Process Clause forbids the incarceration of an innocent person. While the Supreme Court has not yet resolved whether a freestanding actual innocence claim is independently cognizable, it has repeatedly emphasized that "a truly persuasive demonstration of actual innocence made after trial would render the execution of a defendant unconstitutional." *Herrera v. Collins*, 506 U.S. 390, 417 (1993) (O'Connor, J., concurring); *see also House v. Bell*, 547 U.S. 518, 554–55 (2006). Under this authority, Mr. Getchell presents his innocence not merely as a

30

gateway to reach otherwise defaulted claims, but as an independent constitutional violation requiring habeas relief.

The postconviction evidence submitted in Mr. Getchell's habeas filings, including sworn statements, attached exhibits, and detailed factual assertions, establish that no rational trier of fact could have convicted him had the full record, including what is now before this Court, been presented to a jury. This evidence includes the following:

### 1. The Lack of Evidence That the Contact Was Unclothed

The original petition and supplement explain that the State presented no proof of unclothed sexual contact, the key element distinguishing second-degree CSCM from third-degree under New Mexico law. Mr. Getchell's federal filings clarify that the child never testified to skin-to-skin contact and never indicated that her clothing was removed or displaced. The habeas filings further assert that no follow-up questions, forensic findings, or corroborating evidence ever established this element.

### 2. The Absence of Any Evidence That He Caused the Child to Touch Him

In his federal pleadings, Mr. Getchell highlights that the conviction for third-degree CSCM required proof that he intentionally caused the minor to touch his intimate parts. The State never elicited testimony that Mr. Getchell prompted, directed, or caused the act in any way. This is not speculation, it is the affirmative absence of evidence.No words, gestures, force, coercion, or encouragement were

described. The required elements were not proven. The current record shows that no rational fact-finder, presented with the same statements and clarified context, could find that Mr. Getchell intentionally caused the contact.

### 3. The Jury Was Never Instructed on Unlawfulness, a Required Element of the Offense

The jury instructions omitted the requirement that the sexual contact be "unlawful." This is a statutory element under New Mexico law, and the failure to instruct on it means the jury was not asked to find that the contact was criminal in nature. Had the jury been properly instructed, and had it considered whether the contact was unlawful, there is a reasonable probability it would have returned a different verdict. More importantly for this claim, the omission further undercuts the legal sufficiency of the convictions when assessed under the full evidentiary record now before the Court.

### 4. Uninvestigated Evidence of Prior Sexual Abuse by Other Family Members

There was credible evidence that the child had been abused by other individuals in the family before the charged incident. The state filings confirm that this history was known, specific, and not speculative. Despite this, counsel failed to investigate or present it. This evidence is now before the Court through Mr. Getchell's postconviction filings. This is material not only to the ineffective assistance claim but to his actual innocence claim. In a case with no physical evidence and no corroborating witnesses, the jury's decision turned entirely on the

32

child's statements. If other sources of trauma were presented, no rational factfinder could have assigned guilt with the same confidence.

Taken together, the full evidentiary record shows Mr. Getchell is actually innocent. No reasonable juror would convict on this record. His continued incarceration violates due process and warrants relief under § 2254.

## CONCLUSION

The state courts unreasonably applied clearly established Supreme Court precedent and ignored critical facts. Trial counsel's failures, uninvestigated defenses, unsupported charges, flawed jury instructions, left Mr. Getchell undefended. These compounded errors undermined the verdict's reliability. Habeas relief is warranted under 28 U.S.C. § 2254(d)(1) and (d)(2).

Respectfully submitted,

_____          _____
Date                                 Daniel R Getchell
                                     Reg. No. 87540
                                     Otero County Prison Facility
                                     10 McGregor Range Rd.
                                     Chaparral, NM 88081

                                     *Pro Se* Movant

33

Date                           Daniel R Getchell
                               Reg. No. 87540
                               Otero County Prison Facility
                               10 McGregor Range Rd.
                               Chaparral, NM 88081

                               *Pro Se* Movant

## CERTIFICATE OF SERVICE

I certify under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, that this filing was handed to prison officials for mailing, with affixed, prepaid first-class postage, to the following on the date below.

United States District Court
333 Lomas Blvd. NW, Ste. 270
Albuquerque, NM 87102

Office of the Attorney General
P.O. Drawer 1508
Santa Fe, NM 87504-1508

Respectfully submitted,

7/25/25
Date

Daniel Getchell

Daniel R Getchell
Reg. No. 87540
Otero County Prison Facility
10 McGregor Range Rd.
Chaparral, NM 88081

*Pro Se* Movant

35

Daniel Getchell #87540
Otero County Prison Facility
10 McGregor Range Rd
Chaparral, NM 88081

**RECEIVED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 28 2025

MITCHELL R. ELFERS
CLERK

US District Courts

333 Lomas Blvd NW. Ste 270

Albuquerque, NM 87102



quadient
FIRST-CLASS MAIL
IMI
**$008.86**
07/25/2025 ZIP 88081
043M31265126