**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DANIEL GETCHELL,**

**Petitioner,**

**vs.** **No. 24-cv-1255 DHU/SCY**

**HECTOR RIOS and**
**ATTORNEY GENERAL for the**
**STATE of NEW MEXICO,**

**Respondents.**

**RESPONSE IN OPPOSITION TO DANIEL GETCHELL'S *MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS* [Doc. 15]**

As their timely filed response in opposition to *pro se* petitioner Daniel Getchell's *Motion to Amend Petition for Writ of Habeas Corpus*, [see generally Doc. 15], filed September 10, 2026, Respondents, by and through counsel, Jane A. Bernstein, Assistant Attorney General, respectfully ask the Court to deny the motion on the ground that the proposed claims set forth in the amendment are untimely[1] because they do not relate back to the date of Mr. Getchell's original pleading for purposes of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[1] Mr. Getchell's deadline to file a timely § 2254 petition expired on January 14, 2025. Undersigned counsel has calculated this date based on the following: Mr. Getchell's conviction became final no later than January 18, 2022, which was 90 days after the New Mexico Supreme Court denied his direct-appeal petition for writ of certiorari and therefore the last day to seek discretionary review in the United States Supreme Court. Mr. Getchell's one-year period of limitation began to run the next day, January 19, 2022. A total of 324 days passed before Mr. Getchell stopped the AEDPA clock on December 9, 2022, by depositing his state habeas petition for institutional mailing. The clock restarted no later than December 4, 2024, the day after expiration of Mr. Getchell's 15 days to seek reconsideration of the New Mexico Supreme Court's denial of his collateral-review petition for writ of certiorari. By then, however, only 41 days (365-324=41) remained from Mr. Getchell's one-year limitation period. Forty-one days from December 4, 2024, and the final day for filing a timely § 2254 petition in this matter, was January 14, 2025. Mr. Getchell met this deadline by filing his original pleading on December 13, 2024. He did not deposit for institutional mailing his motion to amend until September 9, 2026. Accordingly, the amendment is untimely unless the claims asserted therein relate back to the original pleading, which they do not.

In 2019, Mr. Getchell was found guilty of second-degree criminal sexual contact of a minor (CSCM) (Count 1) and third-degree CSCM (Count 2) in connection with the sexual abuse of his then eight-year-old daughter, J.G. After unsuccessfully seeking relief in state court, Mr. Getchell, on December 13, 2024, timely filed an initial 28 U.S.C. § 2254 petition (the original pleading). On November 3, 2025, before Respondents filed their answer, Mr. Getchell amended his petition. In this first amended petition, Mr. Getchell set forth six grounds for relief, which Respondents consolidated and characterized as:

> (1) defense counsel was ineffective for (a) preventing Mr. Getchell from taking the stand and testifying in his own defense based on counsel's belief that a deferred and dismissed judgment and sentence for non-residential burglary could be used to impeach him, (b) failing to move for a directed verdict on Count 1 due to insufficient evidence, (c) not calling Mr. Getchell's mother and sister as witnesses, and (d) failing to move for a directed verdict on Count 2 on the basis of the State's alleged failure to establish that Mr. Getchell caused J.G. to touch his penis "with intent to arouse or gratify sexual desire-an essential element of the offense[]" (Grounds One - Four); (2) Mr. Getchell's constitutional right to due process was violated as a result of "erroneous and misleading" jury instructions (Ground Five); and (3) newly discovered evidence demonstrates that Mr. Getchell is actually innocent (Ground Six).

[Doc. 10 at 6-7].

These claims differed slightly from those set forth in the original pleading. There, Mr. Getchell had argued that trial counsel was ineffective for failing to (1) allow Mr. Getchell to testify; (2) move for a directed verdict as to Count 1; (3) call witnesses to testify on Mr. Getchell's behalf; and (4) move *in limine* to prevent testimony that the Children, Youth and Families Department had substantiated the charges against him. [See Doc. 1 at 6, 8, 9, 11].

On September 9, 2026, Mr. Getchell filed the instant motion to amend by depositing it for institutional mailing. [See Doc. 15 at 14]. He seeks, pursuant to Rule 15(c), to add the following claims: (1) ineffective assistance of trial counsel for failing to (a) object to, or seek a curative

instruction with respect to, his former wife's testimony that CYFD had substantiated J.G's abuse accusations, (b) object to his former wife's responses to questions about the underlying indictment, (c) raise as a defense what he terms J.G.'s "prior sexual knowledge[,]" and (d) object to the state district court's "sua sponte amendment of the indictment post-verdict;" (2) ineffective assistance of appellate counsel for failing to argue that Counts 1 and 2 stemmed from unitary conduct; (3) "the trial court[']s actions resulted in an applied acquittal of the CSC-II and, therefore, his conviction on the lesser-included offense of CSC-III violate[s] double jeopardy"; and (4) his convictions violate double jeopardy because they are based on unitary conduct. [Id. at 3-12]. Mr. Getchell acknowledges that he has not exhausted available state-court remedies as to these proposed claims but contends that he does not need to because undersigned counsel expressly waived the exhaustion requirement in Respondents' January 26, 2026, answer.[2] [Id. at 2; see also Doc. 10 at 1]. Finally, Mr. Getchell asks this Court to conduct an evidentiary hearing, any challenge to which he claims Respondents also have waived. [Doc. 15 at 12-23].

Rule 15(c) provides, in pertinent part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(C). "'Relation back'" in a habeas context is construed 'less broadly' than in other civil contexts[,]" and "it is not enough that the proposed claims arise from

[2] It is true that undersigned expressly waived the requirement as it related to the unexhausted claims set forth in the first amended petition. [See Doc. 10 at 1]. Undersigned has not waived, could not have waived, and does not waive the requirement with respect to Mr. Getchell's new proposed claims, which were unknown to undersigned when she filed Respondents' answer. Further, were this Court to grant Mr. Getchell's motion, any second amended petition would supersede both the original pleading and the first amended petition; Respondents presumably would amend their answer; and, as a result, undersigned's previous express waiver would become null.

the 'same trial, conviction, or sentence[.]'" United States v. Pursley, No. 03-CR-00415 REB/KLM, 2009 WL 1505164, at *2 (D. Colo. May 28, 2009); see also Cordova v. United States, No. 22-CV-479 JB/JHR, 2024 WL 3362680 (D.N.M. Jul. 10, 2024) (explaining narrow application of relation-back doctrine in federal habeas petitions). If it were, "AEDPA's [one-year] limitation period would have slim significance." Mayle v. Felix, 545 U.S. 644, 662 (2005). Accordingly, the Tenth Circuit

> has taken a firm stance and held that
>
> > an untimely amendment to a [§ 2254 petition] which, by way of additional facts, clarifies or amplifies a claim or theory in the original [petition] may, in the District Court's discretion, relate back to the date of the original [petition] *if and only if* the original [petition] was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case.*

Buchanan v. Lamarque, 121 Fed. Appx. 303, 315 (10th Cir. 2005) (*quoting* Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001)) (brackets and emphases in original). Said differently, a proposed amendment is not clarifying or amplifying if it seeks "to assert claims totally separate and distinct, 'in both time and type' from those raised in the original" pleading. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).

Applying this reasoning to Mr. Getchell's proposed amendment, it is apparent that his ineffective-assistance-of-appellate-counsel; "applied acquittal"; and double jeopardy claims do not relate back to the original pleading[3] because these claims are entirely separate and distinct, and different in both time and type, from the four ineffective-assistance-of-counsel claims initially set forth.

[3] Nor do the newly proposed claims relate back to those set forth in the first amended petition, which in any case is untimely for relation-back purposes.

The same is true of the claims Mr. Getchell now seeks to add alleging new instances of ineffective assistance of trial counsel. Originally, Mr. Getchell accused counsel of constitutionally substandard performance for (1) preventing Mr. Getchell from taking the stand; (2) failing to move for a directed verdict as to Count 1; (3) not calling witnesses to testify on his behalf; and (4) not moving *in limine* to prevent testimony that CYFD had substantiated the allegations against him. [See Doc. 1 at 6, 8, 9, 22].

He now accuses trial counsel of failing to (1) object to discrete segments of his former wife's testimony, (2) mount a defense based on J.G.'s alleged prior sexual knowledge, and (3) challenge post-trial action taken by the state district court. [See Doc. 15 at 3]. Notwithstanding that the original and proposed claims fall under the broad ineffective-assistance-of-counsel umbrella, the new claims do not clarify or amplify the original claims; to the contrary, the new claims allege entirely different episodes of attorney error. See United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) (ineffective-assistance claims sought to be raised in amendment did not relate back to originally asserted ineffective-assistance claims because "original complaint alleged deficiencies of representation distinctly separate from the deficiency alleged in [the] amendments.").

For example, Mr. Getchell's first proposed claim is restricted to the manner by which trial counsel handled the State's questioning of his former wife; proposed claim number two challenges counsel's choice of defense; and number three attacks counsel's non-response to alleged post-trial action by the state district court. These proposed ineffective-assistance claims are entirely different in substance from what Mr. Getchell put forth as ineffectiveness in his original pleading (and in his first amended petition). See Watkins v. Stephenson, 57 F.4th 576, 580-582 (6th Cir. 2023) (proposed amended ineffectiveness claims did not relate back to original ineffectiveness

claim because they went "well beyond merely adding 'more detail' to what Watkins previously alleged."). To hold, under these circumstances, that Mr. Getchell's new and untimely claims relate back to his original claims simply because they allege further or additional instances of ineffective assistance of counsel "would be tantamount to judicial rescission of AEDPA's statute of limitations period." Espinoza-Saenz, 235 F.3d at 505. For these reasons, this Court should deny Mr. Getchell's motion to amend. See Pursley, 2009 WL 1505164, at *2 ("Because I find that Defendant is barred from pursuing the untimely proposed claims, I need not address whether such claims would be futile on their merits.").

This Court also should deny Mr. Getchell's request for an evidentiary hearing. [See Doc. 15 at 12-13].

"The purpose of an evidentiary hearing is to resolve conflicting evidence." Anderson v. Att'y Gen. of Kansas, 425 F.3d 853, 860 (10th Cir. 2005). However, if the claims can be resolved on the record, an evidentiary hearing is unnecessary. Id.; see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

It is not entirely clear whether Mr. Getchell seeks a hearing on the instant motion only, or also on the claims asserted in his original pleading and first amended petition. Either way, this Court should deny his request. For reasons stated herein, the proposed claims described in the motion are untimely, and for reasons set forth in Respondents' answer, the claims set forth in Mr. Getchell's first amended petition can be resolved on the record. As a result, there is no need to hold an evidentiary hearing.

Respectfully submitted,

RAÚL TORREZ
Attorney General

Electronically filed

Jane A. Bernstein
Assistant Attorney General

Attorneys for Respondents
201 Third St. NW, Suite 300
Albuquerque, NM 87102
(505) 717-3500
jbernstein@nmag.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I filed the foregoing *Response in Opposition to Daniel Getchell's Motion to Amend Petition for Writ of Habeas Corpus [Doc. 15]*, electronically through the CM/ECF system. I further certify that on such date I served the foregoing on the following non-CM/ECF participant in the manner indicated:

Via first-class mail, postage prepaid, and addressed to:

Daniel Getchell, #480289
Otero County Prison Facility
10 McGregor Range Rd.
Chaparral, NM 88081

Jane A. Bernstein
Assistant Attorney General